UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MIN HUANG, QIONG DAI, and JIAYIN DONG, <br><br>**Plaintiffs,**<br><br>v.<br><br>KEN PAXTON, Attorney General of Texas, in his Official Capacity, only,<br><br>**Defendant.** | §§§§§§§§§§§§§ CIVIL NO. 1:25-CV-1509 |

## ORDER

Before the Court is Plaintiffs' Motion for Preliminary Injunction (ECF No. 3) and Defendant's Motion to Dismiss (ECF No. 13). The Court has reviewed the Motions, the Responses, and the Replies, and heard oral arguments from parties on November 20, 2025. Consistent with the undersigned's oral rulings on November 20, the Court finds that the Motion to Dismiss (ECF No. 13) should be **GRANTED-IN-PART**.[1] The Motion to Dismiss is **GRANTED** with respect to Plaintiffs Min Huang and Quiong Dai, and their claims are **DISMISSED**. The remainder of the Motion to Dismiss, with respect to Plaintiff Jiayin Dong's claims, remains **STAYED** pursuant to the Court's Order Staying the Case (ECF No. 28). The Motion for Preliminary Injunction (ECF No. 3) is **DENIED**.

### I. BACKGROUND

Plaintiffs Min Huang, Quiong Dai, and Jiayin Dong brought this suit against Attorney General of Texas Ken Paxton in his official capacity, challenging a Texas law, Senate Bill 17. *See*

---

[1] At a hearing addressing several pending motions on November 20, 2025, the undersigned orally ruled on this motion before ruling to stay the case pending the Fifth Circuit's ruling in its similar case. The undersigned finds that the two Plaintiffs claims should be dismissed and would not be impacted by the stay, and sets forth this order reflecting the oral November 20 ruling.

ECF No. 1, Compl. SB 17 makes it illegal for people who are not U.S. citizens or permanent residents of the U.S. to rent property in Texas for more than a year or buy property in Texas. *See id.* ¶ 2. SB 17 applies to non-U.S. citizens and non-permanent residents who are domiciled in China, Iran, Russia, North Korea, or other countries that may be listed in the future in the Annual Threat Assessments of the Director of National Intelligence, or selected by the Governor of Texas. *Id.*

Plaintiffs challenge SB 17 and sought a preliminary injunction as well as class certification. *See* ECF Nos. 3-4. Plaintiffs bring several constitutional challenges, the most important of which are that SB 17 violates equal protection and due process and is preempted by field or conflict preemption. *See* ECF No. 1, Compl. ¶ 3. Count One of Plaintiffs' Complaint is that SB 17 violates the Supremacy Clause of the U.S. Constitution because it is preempted by federal regimes governing foreign affairs, foreign investment, and national security, including the Committee on Foreign Investment in the United States ("CFIUS") and the Foreign Investment Risk Review Modernization Act of 2018 ("FIRMA"). *Id.* ¶¶ 77-91. Count Two is that SB 17 violates the Equal Protection Clause of the 14th Amendment to the U.S. Constitution by targeting Chinese persons and encouraging discrimination against Chinese persons even if they are not covered by the law. *Id.* ¶¶ 91-105. Count Three is that SB 17 violates the Supremacy Clause of the U.S. Constitution because it is preempted by the Fair Housing Act which makes it unlawful to discriminate against persons in the residential real-estate context based on certain protected characteristics. *Id.* ¶¶ 106-118. Count Four is that SB 17 violates the Supremacy Clause of the U.S. Constitution because it is preempted by the Equal Credit Opportunity Act which prohibits creditors from discriminating against applicants based on certain protected characteristics. *Id.* ¶¶ 119-129.

Plaintiff Min Huang is a citizen of China living in Shanghai China and is not a citizen or permanent resident of the United States. *Id.* ¶ 36. Ms. Huang bought an investment property in Houston, Texas, in 2018 and rents the property out currently. *Id.* ¶ 38. Ms. Huang visits the United States occasionally on a B-1/B-2 business visitor visa and alleges that she plans to purchase additional properties in Texas. *Id.* ¶¶ 39-40. However, she alleges that SB 17 prevents her from doing so. *Id.* ¶ 40.

Plaintiff Quiong Dai is a citizen of China living in New Zealand and is not a citizen or permanent resident of the United States. *Id.* ¶ 42. Ms. Dai, like Ms. Huang, owns a rental property in the Houston, Texas area and plans to obtain a new B-1/B-2 via to continue managing the investment property. *Id.* ¶ 44. Ms. Dai also alleges that she plans to purchase a second investment property in the Houston area but is prohibited from doing so by SB 17. *Id.* ¶ 45.

Plaintiff Jiayin Dong is a citizen of China living in Waco, Texas, where he attends Baylor University. *Id.* ¶ 46. Mr. Dong is not a citizen or permanent resident of the United States, but he moved to Waco, Texas, in August 2024 and remains lawfully present in the United States under an F-1 visa; he intends to remain living in the Waco area until his expected graduation in May 2028. *Id.* ¶¶ 47-49. Mr. Dong's current lease expires in July 2026 and he alleges that SB 17's lease term prohibitions will cause increased rent, because he cannot enter a lease for longer than one year. *Id.* ¶ 51.

Defendant brought this Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 13. Defendant argues that all Plaintiffs lack standing because they have not shown a credible threat of enforcement and have not established traceability. *Id.* at 3-12. Defendant argues separately that the two foreign Plaintiffs' claims should be dismissed under Rule 12(b)(6) because they may not assert constitutional rights. *Id.* at 12-14. The Court held a hearing on all

3

pending motions, including Defendant's Motion to Dismiss, on November 20, 2025. ECF No. 26. There, the Court orally dismissed the two foreign Plaintiffs and stayed the case. *See id.*; *see also* ECF No. 28 Order Staying Case. The Court also orally denied Plaintiffs' Motion for a Preliminary Injunction. ECF No. 27, Nov. 20 Hr. Transcript 18:9-10. While the Motion for Class Certification (ECF No. 4), and remaining grounds of Defendant's Motion to Dismiss (ECF No. 13) remain stayed, the Court writes this order dismissing the two foreign Plaintiffs and denying Plaintiffs' Motion for Preliminary Injunction.

## II. LEGAL STANDARD

### A. Motion to Dismiss

A claim is properly dismissed for lack of subject-matter jurisdiction when a court lacks the statutory or constitutional power to adjudicate the claim. *Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018); FED. R. CIV. P. 12(b)(1). Under rule governing motion to dismiss for lack of jurisdiction, the court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robledo v. United States*, 147 F.4th 515, 519 (5th Cir. 2025) (citing Fed. R. Civ. P. 12(b)(1)). "[T]he plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam)). However, "[a] dismissal for lack of jurisdiction [under Rule 12(b)(1)] will not be affirmed unless 'it appears certain that the plaintiff cannot prove any set of facts in support of [her] claim that would entitle plaintiff to relief.'" *Id.* (citations omitted).

FRCP 12(b)(6) authorizes the filing of motions to dismiss asserting, as a defense, a plaintiff's "failure to state a claim upon which relief can be granted." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019); *see* FED. R. CIV. P. 12(b)(6). Thus, claims may be

4

dismissed under Rule 12(b)(6) "on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Dismissal under FRCP 12(b)(6) also is warranted if the complaint does not contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—"that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting FED. RULE CIV. P. 8(a)(2)). Accordingly, a complaint's allegations "must make relief plausible, not merely conceivable, when taken as true." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009); *see also Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 ("Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact).").

### B. Preliminary Injunction

A preliminary injunction will only be granted if the movant demonstrates: "(1) a substantial likelihood that they will prevail on the merits; (2) a substantial threat that they will suffer irreparable injury if the injunction is not granted; (3) their substantial injury outweighs the threatened harm to the party to be enjoined; and (4) granting the preliminary injunction will not disserve the public interest." *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013). The "extraordinary remedy" of a preliminary injunction should not be granted unless the party seeking it has carried the burden of persuasion on all four requirements, and "unequivocally show[n] the need for its issuance." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997).

### III. ANALYSIS

#### A. Motion to Dismiss

It is long settled as a matter of American constitutional law that foreign citizens outside U.S. territory do not possess rights under the U.S. Constitution. *See Agency for Int'l Dev. v. All. for Open Soc'y Int'l, Inc.*, 591 U.S. 430, 433 (2020) (citing *Boumediene v. Bush*, 553 U.S. 723, 770–771, 128 S.Ct. 2229, 171 L.Ed.2d 41 (2008); *Hamdi v. Rumsfeld*, 542 U.S. 507, 558–559, 124 S.Ct. 2633, 159 L.Ed.2d 578 (2004) (Scalia, J., dissenting); *United States v. Verdugo-Urquidez*, 494 U.S. 259, 265–275, 110 S.Ct. 1056, 108 L.Ed.2d 222 (1990); *Johnson v. Eisentrager*, 339 U.S. 763, 784, 70 S.Ct. 936, 94 L.Ed. 1255 (1950); *United States ex rel. Turner v. Williams*, 194 U.S. 279, 292, 24 S.Ct. 719, 48 L.Ed. 979 (1904); U. S. Const., Preamble). Foreign citizens outside the United States or a U.S. territory have not been allowed to assert rights under the U.S. Constitution. *Id.* at 434. Congress may seek to enact laws that afford foreign citizens abroad statutory rights or causes of action against misconduct by U.S. Government officials, or laws that otherwise regulate the conduct of U.S. officials abroad, but that would require a foreign plaintiff to state such a statutory claim. *See id.* at 435.

Defendant's Motion relies on this well-settled principle of law that the two foreign Plaintiffs do not have the ability to assert constitutional rights. ECF No. 13 at 12. Plaintiffs argue that Ms. Huang and Ms. Dai may still assert their claims under the Supremacy Clause because individuals bringing Supremacy Clause claims are not directly enforcing their own rights, but instead indirectly enforcing the rights of the federal government. ECF No. 18 at 11. Plaintiffs rely on *Immigration Reform Coalition of Texas* for the proposition that: "[a] plaintiff is also not required to assert a federally created 'right,'" but instead must merely "meet the three requirements of

6

Article III standing." *Id.* (citing *Immigr. Reform Coal. of Texas v. Texas*, 706 F. Supp. 2d 760, 764 (S.D. Tex. 2010)).

The Court finds that the foreign Plaintiffs lack standing to bring claims under the Supremacy Clause of the U.S. Constitution. The Court agrees with Defendant that Ms. Huang and Ms. Dai are not present in the United States and therefore lack any standing to assert constitutional rights, even if they are labeled as a Supremacy Clause challenge. There is no injury under the U.S. Constitution to foreign citizens who are not present in the United States, and the Court does not agree that even if Article III were the only required standard, the foreign Plaintiffs can show it.

Plaintiffs separately argue that Ms. Huang and Ms. Dai can bring their Equal Protection Clause claims because the Equal Protection Clause applies to noncitizens as to their actions that take place here in the United States and over property that is here in the United States. ECF No. 18 at 12. Plaintiffs argue that "[w]hen Huang and Dai arrive in Texas on valid visas with the intent to purchase additional property, which they would have done had the new law not stopped them, the Equal Protection Clause will protect them just the same as if they had traveled here from Nebraska." *Id.*

The Court is unpersuaded by that argument and declines to agree with Plaintiffs' position that is based on an alternative set of facts. Ms. Huang and Ms. Dai are not present in the United States. If they travel to Texas to purchase or manage property, they will *not* be traveling here from Nebraska. Additionally, the argument that Ms. Huang and Ms. Dai intend to purchase additional property is still a future proposition—it does not show a present injury in fact to them.

Plaintiffs also rely on *United States v. Approximately $299,873.70 Seized From a Bank of Am. Acct.* ("*$299,873.70*"). *Id.* at 13 (citing 15 F.4th 1332 (11th Cir. 2021)). Plaintiffs argue that *$299,873.70* supports the proposition that foreigners who sue while they are abroad have

constitutional rights regarding property interests that they have in the United States. *Id.* Plaintiffs argue that because the *$299,873.70* court held that due process did not require that foreigners be permitted into the United States for trial, that helps prove that constitutional rights still exist for foreign citizens not present in the United States. *Id.*

The Court is unpersuaded by Plaintiffs' reading of *$299,873.70* or its purported effect here. In *$299,873.70*, the issue before the Eleventh Circuit was whether foreign nationals have a constitutional right to enter the United States to attend a civil forfeiture trial involving their property. *$299,873.70*, 15 F. 4th at 1334. The United States brought an *in rem* action to forfeit money which Chinese nationals had deposited in American bank accounts as part of the visa scam, and five Chinese nationals were unable to attend trial and challenged the proceedings as violating due process. *Id.* The court there discussed the history of admitting and excluding foreign nationals and the implications of the case being a civil action, rather than criminal. *Id.* at 1337-338. The court held that the Chinese nationals were afforded due process because each had been represented by an attorney who had the opportunity to defend against the forfeiture claim. *Id.* at 1338. The court therefore rejected their due-process challenge. *Id.* at 1340.

The issue before the *$299,873.70* court is not relevant to the issue before this Court: Whether two foreign Plaintiffs who are not present in the United States may bring claims affirmatively challenging a Texas law by alleging constitutional violations. The Court does not agree that *$299,873.70* has any bearing on the analysis here. Rather, the law that is on point remains the well-settled principle that that foreign citizens outside U.S. territory do not possess rights under the U.S. Constitution. *Agency for Int'l Dev. v. All. for Open Soc'y Int'l, Inc.*, 591 U.S. 430, 433 (2020). Therefore, the Court finds that the two foreign Plaintiffs, Ms. Min Huang and Ms. Quiong Dai do not possess rights under the U.S. Constitution and that, as a matter of law, they lack standing

to bring a claim under the U.S. Constitution. Under both Rule 12(b)(1) and Rule 12(b)(6), their claims should be dismissed; they lack standing to bring constitutional challenges and they cannot state a plausible claim for relief under the U.S. Constitution.

### B. Preliminary Injunction

At the November 20 hearing, the Court grappled with the alleged "injury" Plaintiffs face. As discussed, the Court finds that neither foreign Plaintiff had standing and there was no injury they could allege. *See* ECF No. 27, Nov. 20 Hr. Transcript. The Court finds that with respect to Mr. Dong, whose claims have not been dismissed, a preliminary injunction is not warranted.

Mr. Dong is presently living in Texas, and his lease will not expire until July 2026. ECF No. 1 ¶ 51. The Court will decline ruling based on Mr. Dong's likelihood of success on the merits, as the case will remain stayed pending the Fifth Circuit's opinion in *Wang v. Paxton*, Docket number 25-20354, is issued which may shed greater light on the merits of constitutional challenges to SB 17. *See* ECF No. 28, Order Staying Case. However, the Court finds that with only Mr. Dong remaining as Plaintiff in this action, there is not a showing of irreparable harm at this time. Mr. Dong's current lease remains in effect, and he has not shown a need for preliminary injunctive relief at this time.

### IV.    CONCLUSION

Therefore, the Court **GRANTS-IN-PART** Defendant's Motion to Dismiss (ECF No. 13) with respect to Plaintiffs Min Huang and Quiong Dai. Plaintiffs Min Huang and Quiong Dai's claims are **DISMISSED.** The Court declines to rule on the Motion to Dismiss with respect to Plaintiff Jiayin Dong and **STAYS** the remainder of the Motion, consistent with its Order Staying the Case (ECF No. 28). The Motion for Preliminary Injunction (ECF No. 3) is **DENIED.**

**SIGNED** on December 9, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE